1  LARIVIERE, GRUBMAN & PAYNE, LLP
   Robert W. Payne, Esq. (Bar No. 073901)
2  Christopher J. Passarelli (Bar No. 241174)
   Post Office Box 3140
3  19 Upper Ragsdale Drive
   Monterey, CA  93942-3140
4  Telephone: (831) 649-8800
   Facsimile: (831) 649-8835

5  Attorneys for Plaintiff
   GOLDEN MEMORIAL
6  INSURANCE SERVICES, INC.

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | GOLDEN MEMORIAL INSURANCE        ) Case No: 1:11-cv-01058-LJO-BAM
   | SERVICES, INC., a California corporation, )
12 |                                   )
   |                                   ) **STIPULATION AND ORDER**
   |         Plaintiff,                ) **CONTINUING EXPERT**
13 | vs.                               ) **DISCLOSURE DEADLINE**
   |                                   )
14 |                                   )
   | SECURED SERENITY, INC., a California )
15 | corporation, GOLDEN MEMORIAL      )
   | COMPANIES, INC., a California corporation, )
16 | GOLDEN MEMORIAL PLAN, INC., a     )
   | California corporation, LAURO HERRERA, an )
17 | Individual, ROBERT PAUL "BO" CLARK, JR., )
   | an Individual, GUADALUPE "JOE"    )
18 | GONZALEZ, an Individual AND DOES 1-10 )
19 | INCLUSIVE,                        )
   |                                   )
20 |         Defendants.               )

21     Pursuant to Local Rules 6-2 and 7-12, Plaintiff, Golden Memorial Insurance Services,
22 Inc. ("Plaintiff") and Defendants Secured Serenity, Inc., a California corporation, Golden
23 Memorial Companies, Inc., a California corporation, Golden Memorial Plan, Inc., a California
24 corporation, Lauro Herrera, an Individual, and Guadalupe "Joe" Gonzalez, an Individual
25 (collectively, "Defendants")  for good cause pursuant to Federal Rules of Civil Procedure, Rule
26
27
28

                                      1

16(b)(4), hereby request continuation of the scheduled expert disclosures exchange date from December 3, 2012 to January 4, 2013. In support of such request, the parties state as follows:

There is significant outstanding discovery to be conducted by both parties, including nine (9) sets of discovery requests from Defendants that remain outstanding, and an additional three 30(b)(6) depositions scheduled from December 10th through December 12th, 2012; a third party witness deposition which has been postponed, a deposition of the owner of Golden Memorial scheduled for December 13, 2012, and the deposition of a Golden Memorial employee scheduled for December 14, 2012.

On or about October 31, 2012, Plaintiff settled in principle its case against Robert Paul "Bo" Clark and filed a Stipulated Dismissal with Prejudice of Defendant Clark on November 26, 2012.

Currently there are active discussions regarding further settlements, and further resolutions are expected shortly.

With the foregoing significant developments in this case, and the anticipated settlement, the parties ask that the expert exchange be continued to January 4, 2013. The trial date is not until May 2013, and this is the first request for a change in the expert disclosure deadline.

//

//

//

//

//

//

**NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

The expert disclosure cutoff of December 3, 2012 is continued until January 4, 2013 to provide ample time to complete outstanding discovery matters or alternatively, to conclude settlement with remaining parties to this matter.

Dated: November 26, 2012          LARIVIERE, GRUBMAN & PAYNE, LLP

By:   /s/ Christopher J. Passarelli
      Christopher J. Passarelli
      Attorneys for Plaintiff

Dated: November 26, 2012          TINGLEY PIONTKOWSKI LLP

By:   /s/ Bruce Piontkowski
      Bruce Piontkowski
      Attorneys for Defendants

## ORDER

Upon reviewing the Stipulation and for good cause being shown, **IT IS HEREBY ORDERED** that expert witness disclosures by any party, including supplemental expert witness disclosures by any party, shall be served no later than January 4, 2013.  This extension of time to complete expert disclosures does not alter the date of any event or deadline already fixed by the Court's scheduling order.

IT IS SO ORDERED.

Dated:   **November 28, 2012**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE